DANIEL PELLÓN LAFUENTE ET AL., Plaintiffs and Appellees,
v. ALBERT R. O'CLARE ET AL., Defendants and Appellants.

No. R-66-171.        Decided February 27, 1970.

*J. Valldejuli Rodríguez* for appellants. *Mariano Acosta Velarde*
and *Daniel Pellón Lafuente* for appellees.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Four co-owners of the Condominio San Jorge, property located at No. 267 of the street of the same name in Santurce, Puerto Rico, filed a complaint against the manager and the Council of Co-owners of said joint ownership claiming that they are the owners of four apartments in that building "and in turn, as part of the same, of a roofed space in the southern wing of the building designated for the parking of their automobiles and to simplify the transit to the different entrances of the building."

They also alleged that the manager of the building began the construction of a wall of blocks which divides the space occupied by plaintiffs; that they, the plaintiffs, have not given their consent therefor; and requested the Superior Court to issue an injunction prohibiting the continuance of the construction of the wall, and to order the destruction of the part already constructed.

The Superior Court granted the requested remedy and we agreed to review.

After studying the voluminous record, which contains the pleadings, detailed briefs, the transcript of evidence, a plan, the matrix deed by means of which the property was submitted to the horizontal property regime, other deeds, and other documentary evidence, and after examining the applicable law, we have reached the conclusion that we should reverse the judgment of the Superior Court rendered in this case. Hereinafter we will sum up the reasons leading us to the aforementioned conclusion.

The Condominio San Jorge was constructed by the San Jorge Realty Corporation, and was submitted to the horizontal property regime through the Matrix Deed of Joint Ownership, deed No. 19, executed before notary Basilio Santiago Romero, in San Juan, Puerto Rico, on June 25, 1962, in

accordance with our Horizontal Property Act, Act No. 104 of June 25, 1958; 31 L.P.R.A. § 1291 *et seq.*

Since plaintiffs allege that the wall in question obstructs their transit, it is necessary to describe the physical situation of those garages. We will also have to determine whether plaintiffs have the right to pass with their vehicles or on foot by the garages facing their own.

The property in question consists of an ample lot and of a building whose ground floor is devoted to garages and other needs and whose other eleven floors have 33 residential apartments. Besides the garages which are directly under the building on its ground floor there are also two additional structures devoted to garages, located at the two corners on the back part of the lot.

For a quicker understanding of the problem we state at this moment that the areas of the garages of said joint ownership are private areas and they are not common areas or elements. This is so because it is so expressly stated in the matrix deed of the joint ownership. The Horizontal Property Act provides certain things which are compulsory and as for the other things the co-owners shall abide by that agreed upon in the Matrix Deed. The elements which are compulsorily common are enumerated in § 11 of the Act. 31 L.P.R.A. § 1291i. Some examples of the latter are: the elevators, incinerators, the installations of central services such as water and light, the foundations and main walls, etc. As a rule, these common elements are not subject to be the exclusive property of one or several co-owners with the exclusion of the others, for it would make practically impossible the good operation of the building in joint-ownership as such. The foundations of the buildings, its main walls, the installations of central services of water and light, the stairways, and the elevators, can hardly cease to be common elements. On the contrary, a garage may be private—just as an apartment—without it bringing

forth the above-mentioned consequences. That is why § 11, in its express enumeration, does not include the garages as elements which should be strictly common.

The matrix deed of the Condominio San Jorge, upon determining which are the private areas or elements and which are the common ones, provides the following:

"The building consists of the following elements:
"A:—Private Areas:
"One: Thirty-three (33) residential apartments.
"Two: Twenty-eight open garages on the ground floor of the building and two open sheds, each one with a capacity for five automobiles, located at the Northwestern and Southwestern corners of the lot, that is at the corners of the rear patio."

Following the above-copied recital the deed mentions which are the common elements. These are the usual ones in every building of that nature: the land where the building stands, the incinerator, the stairways, the elevators, the water tanks, the main lobby, the janitor's premises, the driveway, etc. It also mentions the lobby of each floor as a limited common element.

Affirming the intention of giving a private character to the garages and of separating them from the remaining lot used as a common patio, in addition to what has been previously cited of the matrix deed of the Condominio San Jorge, the latter in its ninth clause, provides the following:

"The space for parking automobiles on the ground floor of the building, and in the adjoining and accessory buildings shall be distributed among all the joint-owners, so that each one of said joint-owners or co-owners has a parking space."

According to the matrix deed of the joint ownership, there is no doubt that the co-owners have the right to at least one space for parking. It is not raised here nor do we have to decide whether it is a question of a property right or any other kind of real right or if it is that those who submitted the property to the horizontal property regime established a

servitude relation between each apartment, as dominant tenement, and each individual parking space, as servient tenement, but it seems clear that the co-owners have a right with respect to their parking space.

The physical situation which gives rise to this litigation is the following. The lot where the condominium is located faces San Jorge Street, which runs there from North to South. Since the lot is on the Eastern side of said street, the front of the building faces the West side of the lot. The building lot has two broad automobile entrances. One to the South and the other to the North. These entrances allow the entrance and exit of automobiles from San Jorge Street to the lot. Both entrances are for two-way traffic. The plaintiffs' garages are on the South wing of the building. Their front or passageway is toward the East and on their West side there are other garages. There are walls on their Northern and Southern sides. These walls are not in dispute. The walls which were constructed afterwards by agreement of the majority of the co-owners and which gave rise to this suit separate the garages facing East from those facing West. Said walls do not hinder the entrance or exit of any person to the patio or to the street. The co-owners who own the garages facing West enter and take out their vehicles through the Western doors of their garages. The plaintiffs who own the garages facing East have the entrance and exit through the garage doors facing East. The walls in question individualize or separate the garages. Said walls appear in the plan. Before those walls were constructed, plaintiffs went through the garages in front of them (West side) when the co-owners who own those garages did not have their cars parked there. But they could not do that when said co-owners had their cars there. Plaintiffs have the right to drive their vehicles by the two entrances of the lot and by the driveway surrounding the building, and have the right of parking in their garages. But they do not have the right of going through the other co-owners' garages.

Contrary to plaintiffs' claim, engineer Luis Fernández Seín, who directed the construction of the building, testified that "the building is equipped with a driveway area all around it and that the passage through the garages was not contemplated." Tr. Ev. II, p. 149. And engineer Luis Fernández Cuyar, President of the corporation which constructed the building, testified that the garages were not constructed to be used as driveways or as entrance and exit of the building. Tr. Ev. II, p. 188. He also testified that the walls which were constructed to divide the garages of the ground floor of the building (the walls in dispute herein) do not affect the solidity and safety of the building. Tr. Ev. II, p. 192.

■ The Horizontal Property Act provides that all the works affecting the common elements of the property shall require the unanimous consent of all the co-owners. We have seen in this case that we are not dealing with common elements. The Act also provides that "The necessary works for the maintenance of the property and for the adequate use of the elements held in common shall be carried out by agreement of a majority of the co-owners." 31 L.P.R.A. § 1291n. Even under the most favorable interpretation for plaintiffs, assuming, without it being thus decided, that we are dealing with elements held in common, the walls whose construction was agreed upon by the majority of the co-owners are works whose purpose is to make possible the effective use of the spaces designed for garages. By individualizing the garages the safety of the automobiles parked there and of the persons who go there is notably improved.

What we decide here is not in conflict with what we decided in *Castle Enterprises, Inc.* v. *Registrar*, 87 P.R.R. 738 (1963). There the situation was different. It did not deal with a dispute of some co-owners with others or of some co-owners against its Council of Co-owners, but it dealt with a dispute between the condominium or its co-owners and the Registrar of Property.

■ As we shall recall, in *Castle* the Registrar refused to record together with the building and its lot a parcel of land which was physically separated from the building lot and which was designated for the parking of the motor vehicles of co-owners. There were no open or closed garages there, but a parcel of land designated as parking area. After the proper study we stated there, at p. 749, that just as two rural properties consolidated in one business or enterprise are recordable under a single number even though they are not contiguous to each other, the parking area of the Condominio San Martín and the building and its lot were also recordable under the same number because said parcel of land was a part of that enterprise or joint ownership and because it was an element of common use of the joint ownership and necessary for its existence as such pursuant to paragraph "g" of the aforementioned § 11 of the Horizontal Property Act. In the case at bar we are not dealing with a parcel of land designated for parking area, but we are dealing with some areas constructed with roof and concrete walls, and designated by the matrix deed itself as private areas in the nature of garages. Both cases and their contentions are different. The private or common nature of a parking lot in these cases depends mainly on what has been agreed upon in the deeds.

The judgment rendered in this case by the Superior Court, San Juan Part, on May 13, 1966, will be reversed, and another will be rendered dismissing the complaint, with the imposition of costs.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Dávila did not participate herein.